# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHANY HERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-13091-WBV-DMD** |
| **TRANSUNION INC., ET AL.** | **SECTION D(3)** |

## ORDER

Before the Court is Defendant Pennsylvania Higher Education Assistant Agency ("PHEAA")'s Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (R. Doc. 5), the plaintiff's Motion to Transfer (R. Doc. 16), and the plaintiff's Motion to Stay R. Doc. 5 Motion to Dismiss (R. Doc. 17). After considering the parties' memoranda and applicable law, the Court GRANTS the motion to dismiss (R. Doc. 5), DENIES the motion to transfer (R. Doc. 16), and DENIES AS MOOT the motion to stay (R. Doc. 17).

## I. FACTUAL BACKGROUND

On February 13, 2019, several plaintiffs, including Stephany Hernandez, filed a lawsuit against several defendants, including Pennsylvania Higher Education Assistant Agency doing business as Fedloan Servicing ("PHEAA"), under the Federal

Fair Credit Reporting Act ("FCRA"), 15 § 1681, *et seq.*[1] On April 30, 2019, all of the plaintiffs filed a motion to sever, which the Court granted.[2] In its Order, the Court declined to determine whether venue in the Eastern District of Louisiana was proper, stating that PHEAA could challenge venue after the claims had been severed.[3]

On October 10, 2019, Stephany Hernandez filed an Amended Complaint against several defendants, namely, PHEAA, TransUnion, Inc., and Navient Solutions, LLC, under the FCRA, 15 § 1681, *et seq.* The plaintiff alleges that the defendants have willfully and/or negligently violated the FCRA, resulting in damages experienced by the plaintiff.

On January 3, 2020, Defendant PHEAA moved to dismiss for failure to state a claim.[4] In lieu of a response, the plaintiff filed an unopposed extension of time to file a response so the parties could "discuss the issue and possibly agree on alternate options."[5] The Court granted the plaintiff's motion for extension.[6] The plaintiff thereafter filed a second motion for extension, requesting that the Court allow time for the plaintiff to settle the action or move to transfer the case to Texas.[7] The plaintiff then filed a motion to transfer the case to the Eastern District of Virginia, Richmond

---

[1] *See* R. Doc. 1-1; R. Doc. 1 in *Cummings, et al. v. Americredit Financial Services, Inc., et al.*, Civil Action No. 19-1377-GGG-JCW.
[2] *See* R. Doc. 1-2; R. Doc. 30 in *Cummings, et al. v. Americredit Financial Services, Inc., et al.*, Civil Action No. 19-1377-GGG-JCW.
[3] *See* R. Doc. 1-2, p. 4.
[4] *See* R. Doc. 5.
[5] R. Doc. 10, p. 2.
[6] *See* R. Doc. 12.
[7] *See* R. Doc. 13-1, p. 2.

Division.[8] The Court granted the motion for extension of time.[9] On March 10, 2020, the defendant moved to supplement its motion to dismiss, which the Court allowed.[10] The Court gave the plaintiff through March 20, 2020, to file a response in opposition to the motion to dismiss.[11] The plaintiff failed to file a response. Instead, the plaintiff filed a motion for leave to supplement her motion to transfer, asserting that the Court "granted Plaintiff the right to file her Supplement Memorandum in this matter."[12] The Court denied the motion to supplement her motion to transfer, noting that the plaintiff misstated the Court's clear Order.[13]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) and (3) allow a party to assert the defenses of lack of personal jurisdiction and improper venue, respectively, by motion.

### A. Personal Jurisdiction

Without personal jurisdiction, the Court is powerless to proceed to an adjudication.[14] The plaintiff bears the burden of proof on a motion to dismiss for lack of personal jurisdiction.[15] Presenting *prima facie* evidence is sufficient for the plaintiff to meet her burden of proof.[16] The Court may exercise personal jurisdiction over a

---

[8] *See* R. Doc. 16.
[9] *See* R. Doc. 25.
[10] *See* R. Docs. 21, 22, 23.
[11] *See* R. Doc. 25.
[12] *See* R. Doc. 27.
[13] *See* R. Doc. 29.
[14] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).
[15] *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).
[16] *See id.*

nonresident defendant if "(1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment."[17] "The Louisiana Supreme Court has held that '[t]he limits of the Louisiana Long-arm Statute and the limits of constitutional due process are now coextensive,' accordingly, 'the sole inquiry into jurisdiction over a nonresident is a one-step analysis of the constitutional due process requirements.'"[18] "Because Louisiana's long-arm statute, La. R.S. § 13:3201, extends jurisdiction to the limits of due process, the Court need only consider whether the exercise of jurisdiction in this case satisfies federal due process requirements."[19]

Under federal due process requirements, the Court analyzes whether the nonresident defendant has certain minimum contacts with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[20] The main focus of the inquiry of personal jurisdiction is "the relationship among the defendant, the forum, and the litigation."[21] Minimum contacts are contacts that "give rise to general or specific jurisdiction."[22] "Courts exercise general jurisdiction over any action where the defendant has "continuous and systematic general business contacts" with the forum state. If the contacts are less pervasive, courts may exercise specific jurisdiction in a suit arising out of or

---

[17] *Eastern Concrete Materials, Inc. v. ACE American Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020) (internal citation and quotation marks omitted).
[18] *In re Chinese-Manufactured Drywall Products Liability Litigation*, 753 F.3d 521, 547 (5th Cir. 2014) (quoting *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So. 2d 1188, 1192 (La. 1987)).
[19] *Dickson Mar. Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999).
[20] *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (internal citation and quotation marks omitted).
[21] *Id.*, quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).
[22] *Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008).

related to the defendant's contact with the forum."[23] The United States Court of Appeals for the Fifth Circuit reviews the issue of personal jurisdiction *de novo* and must accept the plaintiff's uncontroverted allegations and resolve in the plaintiff's favor all conflicts between the facts contained in the record.[24]

### B. Improper Venue

The plaintiff bears the burden of establishing that the district she chose is a proper venue in light of a Rule 12(b)(3) motion.[25] When considering the issue, the Court accepts a plaintiff's well-pleaded factual allegations as true, drawing all reasonable inferences in the plaintiff's favor.[26] The Court may consider extrinsic materials in determining whether venue is proper.[27] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[28] The decision to dismiss or transfer an action rests within the sound discretion of the Court.[29]

---

[23] *Id.*, internal citations and quotation marks omitted.
[24] *Eastern Concrete Materials, Inc. v. ACE American Ins. Co.*, 948 F.3d 289, 295 (5th Cir. 2020).
[25] *See Asevedo v. NBCUniversal Media, LLC*, 921 F. Supp. 2d 573, 589 (E.D. La. 2013).
[26] *See id.*
[27] *See id.*
[28] *See* 28 U.S.C. § 1406(a).
[29] *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (internal citations omitted).

## III. ANALYSIS

This Court has already decided that it does not have personal jurisdiction over PHEAA in a nearly identical case, resolving ostensibly identical motions to dismiss and transfer, which were prepared by the same attorneys present in the action at hand.[30]

The Court finds that the plaintiff did not meet her burden of proof, of presenting *prima facie* evidence, establishing personal jurisdiction over PHEAA. Although she maintains that the Court has general jurisdiction over PHEAA, she provides no justification for her claim.[31] PHEAA puts forth the same arguments in this action that the Court has already accepted and decided in a nearly identical case. For the sake of judicial efficiency and economy, the Court summarizes its decision in this action, which is consistent with the Court's previous decision in the nearly identical case: PHEAA has zero contacts with Louisiana as it relates to the plaintiff's claim;[32] neither PHEAA nor the plaintiff reside in Louisiana,[33] and PHEAA does not have any offices in Louisiana and did not outsource any working regarding the plaintiff's loan to third parties located in Louisiana.[34]

The Court concludes that it does not have personal jurisdiction over PHEAA in this action. Therefore, venue is improper, and the Court has the discretion to dismiss

---

[30] *See Brumfield v. TransUnion, Inc. et al.*, Civil Action No. 19-13094-EEF-JCW.
[31] *See* R. Doc. 16-1, p. 2.
[32] *See* R. Doc. 5-1, p. 5.
[33] *See* R. Doc. 5-1, p. 6; 5-2, pp. 2-3; R. Doc. 1.
[34] *See* R. Doc. 5-1, p. 7.

the matter or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[35] The plaintiff raises a concern that she will be severely prejudiced because of possible statute of limitations issues if this action is dismissed rather than transferred to the Eastern District of Virginia, Richmond Division, where the plaintiff resides.[36] PHEAA rejoins that the plaintiff provides no basis or legal authority supporting why she filed and re-filed[37] her claim in a venue "where none of the parties reside and is far removed from where her claims arose," especially when she was on notice by the Court's Order severing the cases that venue may be improper.[38]

The Fifth Circuit has stated that it "is obviously not 'in the interest of justice' to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district."[39] The Fifth Circuit found that the "purpose of the statute of limitations is not, therefore, frustrated by [§ 1406]."[40] Therefore, the Court declines to allow a non-diligent plaintiff to effectively avoid a statute of limitations defect through a transfer of venue. The plaintiff has not provided any reason for not initially filing this suit in her home state, where she now seeks transfer. The plaintiff's assertion that she may now or in the future be facing statute of limitation issues is not sufficient to warrant the Court ordering the transfer of this matter.

---

[35] *See* 28 U.S.C. § 1406(a).
[36] *See* R. Doc. 16-1.
[37] This action was severed from *Cummings, et al. v. Americredit Financial Services, Inc., et al.*, Civil Action No. 19-1377-GGG-JCW.
[38] R. Doc. 18, p. 2.
[39] *Dublin v. United States*, 380 F.2d 813, 816, n.5 (5th Cir. 1967).
[40] *Id.*

Accordingly,

IT IS HEREBY ORDERED that Defendant Pennsylvania Higher Education Assistant Agency's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (R. Doc. 5) is GRANTED;

IT IS FURTHER ORDERED that all of Plaintiff Stephany Hernandez's claims against Defendant Pennsylvania Higher Education Assistant Agency are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff Stephany Hernandez's Motion to Transfer (R. Doc. 16) is DENIED;

IT IS FURTHER ORDERED that Plaintiff Stephany Hernandez's Motion to Stay R. Doc. 5 Motion to Dismiss (R. Doc. 17) is DENIED AS MOOT.

New Orleans, Louisiana, this the 26th day of March, 2020.

*(signature)*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**